JOHN BALAZS, Bar #157287
Attorney At Law
916 2nd Street, Suite F
Sacramento, California 95814
Telephone: (916) 447-9299
John@Balazslaw.com

Attorney for Defendant
GARY ERMOIAN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-F 08-224-OWW |
| Plaintiff, | ORDER RE: MOTIONS IN LIMINE |
| v. | |
| GARY ERMOIAN, et. al., | Hon. Oliver W. Wanger |
| Defendants. | |

At a hearing on July 12, 2010, the Court heard, among other motions, the parties' motions in limine. Assistant U.S. Attorneys Mark E. Cullers and Laurel J. Montoya appeared for the government. Attorney John Balazs appeared for defendant Gary L. Ermoian, attorney Carl Faller appeared for defendant Steven L. Johnson, and attorney Robert Forkner appeared for defendant David A. Swanson. All defendants joined in all motions in limine except where otherwise noted by counsel.

After hearing argument of counsel, IT IS HEREBY ORDERED with respect to the parties' motions in limine as follows:

<u>Defense Motions In Limine</u>:

1. With respect to the defense motion to exclude the testimony of FBI agent John Wilson regarding search warrants, the testimony appears relevant and the motion is denied at this time without prejudice.

2. With respect to the defendants' motion to exclude hearsay statements on wiretap calls involving neither Ermoian, Swanson, nor Johnson, the government agreed that a hearing outside the presence of the jury is appropriate to determine the admissibility of any such calls under the co-conspirator exception to the hearsay rule before the government will seek to play any such calls for the jury.

3. With respect to defendant Ermoian's motion to exclude evidence of his self-surrender, the motion is granted as the government agreed not to introduce such evidence at trial.

4. With respect to defendant Ermoian's renewed *Henthorn* motion, the government represented that it has already complied with its obligations to disclose exculpatory and impeachment material in its testifying law enforcement files and has disclosed certain materials *in camera* for the Court's review.  The government acknowledged that this a continuing obligation that applies to any additional officers that the government will call to testify at trial, such as FBI agent John Wilson.

5. With respect to Brent Holloway's motions in limine regarding informants, these motions are moot.  Although the government may play a recording of a call involving an informant, the government stated that it does not intend to call any informants as witnesses at trial.

6. With respect to Brent Holloway's motion for designation of transcripts and recordings to be used at trial, the government agrees to designate such recordings and transcripts by June 21, 2010.  The defendants shall designate any additional recordings and transcripts by June 28, 2010.

7. With respect to Brent Holloway's motion for designation of charts and physical and demonstrative evidence, the Court orders that any such charts or physical evidence be shown in advance to opposing counsel before being introduced at trial.  The government agreed to provide defense counsel a copy of any power point slides it intends to use during opening statement before trial.

8. With respect to Brent Holloway's motions in limine regarding jury selection,

1  the motions are denied except that the Court will allow a reasonable amount of attorney-
2  conducted voir dire by all counsel.
3        9.     With respect to Robert Holloway's motions in limine to exclude evidence
4  concerning his retirement from the Stanislaus County Sheriff's Department, to exclude
5  evidence relating to Mr. Holloway's arrest and trial on a murder charge, and for discovery
6  relating to government witness Richard Baptista, these motions are largely mooted.  The
7  Court grants these motions without prejudice.
8        Government's Motions In Limine
9        1.     With respect to the government's motion in limine to exclude testimony of
10 ATF agent Vincent Cefalu, the defense argued that Agent Cefalu's testimony is relevant to
11 show bias of government witnesses depending on which local law enforcement officers
12 testify at trial.  If the defense decides to call Agent Cefalu as a witness, the defense shall
13 first make a proffer of the agent's testimony so that the Court can decide the admissibility
14 of his testimony in the context of the trial.
15       2.     With respect to the government's motion in limine to exclude the testimony
16 of Raul De Leon's acquittal, the Court granted the motion as defense counsel agreed that
17 evidence of the acquittal is not expected to be relevant to any issues in the case.   Counsel
18 for Swanson indicated that he may seek to introduce certain recordings or evidence from
19 that case be introduced at the trial in this case.
20       3.     The government's motion in limine to exclude polygraph evidence regarding
21 a confidential witness is moot as the government does not intend to call the witness at
22 trial.
23       4.     The government has not provided any notice of intent to use evidence of
24 other crimes or acts under Fed.R.Evid. 404(b) against any of the three defendants set for
25 trial in this case.  Any such 404(b) notice shall be provided by July 21, 2010, which will
26 provide defense counsel an opportunity to object and/or move to continue the trial if the
27 government' 404(b) notice makes further investigation and preparation for trial necessary.
28       5.     With respect to the government's motion in limine regarding authentication

and foundation for wiretap intercepted calls, the parties stated that they intend to reach a stipulation before trial with respect to the authenticity of the recordings and accuracy of transcripts of the phone calls both sides intend to introduce at trial.

IT IS SO ORDERED.

Dated: 7/22/2010

                                      /s/ OLVIER W. WANGER
                                      Hon. Oliver W. Wanger
                                      United States District Judge