JOHN BALAZS, Bar #157287
Attorney At Law
916 2nd Street, Suite F
Sacramento, California 95814
Telephone: (916) 447-9299
John@Balazslaw.com

Attorney for Defendant
GARY ERMOIAN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR-F 08-224-OWW |
| ) | |
| Plaintiff, ) | ORDER RE: DEFENDANT GARY |
| ) | ERMOIAN'S MOTION TO SUPPRESS |
| v. ) | WIRETAP INTERCEPTED CALLS |
| ) | UNDER THE ATTORNEY-CLIENT |
| ) | PRIVILEGE |
| GARY ERMOIAN, et. al., ) | |
| ) | |
| Defendants. ) | Hon. Oliver W. Wanger |
| _____ ) | |

At a hearing on July 12, 2010, the Court heard, among other motions, defendant Gary Ermoian's motion to exclude evidence of wiretap intercepted phone calls under the attorney-client privilege (document 418), which was filed May 3, 2010. Assistant U.S. Attorneys Mark E. Cullers and Laurel J. Montoya appeared for the government and attorney John Balazs appeared for Ermoian. Attorney Carl Faller appeared for defendant Steven J. Johnson and attorney Robert Forkner appeared for defendant Dave A. Swanson.

Before the hearing, Ermoian had submitted, among other pleadings, an amended Exhibit A, which contained transcripts of 10 wiretap-intercepted phone calls between Ermoian and defendant Robert Holloway that Ermoian sought to suppress. The calls are listed as A(1) to A(10) in amended Exhibit A. After reviewing all pleadings and evidence on the motion including the transcripts set forth in amended Exhibit A and hearing

1 argument on the motion, the Court denies the motion to suppress with respect to calls A(1)
2 through A(8).  With respect to these calls, the Court finds the evidence clearly shows that
3 defendant Ermoian was acting as an investigator for attorney Kirk McAllister on behalf of
4 defendant Robert Holloway.  Nonetheless, with respect to calls A(1)-A(8), the Court finds
5 under a preponderance of the evidence that the calls did not concern legal advice or that
6 the calls fell within the crime-fraud exception to the attorney-client privilege.  At the
7 hearing, the Court noted that it is the intent of the client as holder of the privilege--rather
8 than the attorney or his agent--that controls the question whether the crime-fraud
9 exception applies.

10 　　　With respect to call A(9) on December 3, 2007 and call A(10) on December 4,
11 2007, the Court grants the motion to suppress and finds these two calls to fall within the
12 protections of the attorney-client privilege.
13 　　　IT IS SO ORDERED.

15 　　　Dated:   7/22/2010

16 　　　　　　　　　　　　　　　　　　　 /s/ OLIVER W. WANGER
　　　　　　　　　　　　　　　　　　　Hon. Oliver W. Wanger
　　　　　　　　　　　　　　　　　　　United States District Judge